IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUCINDA FRANCIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-14-1277 |
| SOUTH CENTRAL HOUSTON ACTION § | |
| COUNCIL, INC. D/B/A CENTRAL § | |
| CARE COMMUNITY HEALTH CENTER, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant South Central Houston Action Council, Inc. d/b/a Central Care Community Health Center's ("Central Care") Motion to Strike Plaintiff Lucinda Francis's Employee Retirement Income Security Act ("ERISA") Claim (Docket Entry No. 16). For the reasons stated below, the Motion to Strike will be granted in part and denied in part.

## I. Background

Francis alleges that on July 25, 2013, Central Care terminated her employment.[1] Francis filed her Original Complaint on May 8, 2014, alleging that Central Care violated section 510 of ERISA when it terminated her employment soon after she elected to enroll in Central Care's employee health insurance program because Central

---

[1] Plaintiff's Original Complaint ("Original Complaint"), Docket Entry No. 1, p. 3.

Care wanted to avoid covering Francis's benefit plan expenses.[2] See 29 U.S.C. § 1140. Francis also alleges that Central Care's motivation for terminating her employment violated the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.[3] She requests a trial by jury on all of her claims.[4] In Defendant's Amended Answer filed on February 20, 2015, Central Care alleged that Francis's termination was based on Francis's insubordination in failing to follow proper policies and procedures with regard to clocking in and out.[5] On May 19, 2015, Central Care moved to strike Francis's ERISA claim, arguing that Francis lacks standing to bring an ERISA claim and that ERISA claims are not triable by a jury.[6]

## II. Francis Has Standing to Pursue Her ERISA Claim

Central Care argues that Francis's ERISA claim should be stricken based on lack of statutory standing because Francis does not qualify as a "participant" in Central Care's benefit plan.[7] Francis responds that a motion for summary judgment, rather than a

---

[2] Id. at 4-5.

[3] Id. at 1.

[4] Id. at 7.

[5] Defendant's Amended Answer, Docket Entry No. 10, p. 3.

[6] Defendant's Motion to Strike Plaintiff's 29 U.S.C. § 1140 ERISA Claim ("Defendant's Motion to Strike"), Docket Entry No. 16.

[7] Id. at 2.

Rule 12(f) motion to strike under the Federal Rules of Civil Procedure, is the appropriate vehicle for dismissal of an ERISA claim based on lack of statutory standing.[8] Central Care responds that its Motion to Strike was not raised pursuant to Rule 12(f), and that Francis's ERISA claim should be stricken because Francis lacks standing and the court therefore lacks subject-matter jurisdiction.[9]

ERISA provides that a "participant" has standing to bring a civil enforcement action. See 29 U.S.C. § 1132(a). As the Fifth Circuit explained in Christopher v. Mobil Oil Corporation, 950 F.2d 1209, 1222 (5th Cir. 1992):

> A discharge to prevent vesting of benefits in violation of section 510 by definition must be challenged by someone other than a current employee or someone with a claim to vested benefits. Thus, the standing question and the merits of an employee's claim are unavoidably intertwined to some degree; whether a plaintiff has standing to assert ERISA rights may depend upon whether he can establish a discharge or some other conduct in violation of ERISA, but for which he would have standing.

Standing under section 510 of ERISA is contingent on whether there is proof of conduct prohibited by ERISA. This is a fact issue that must be resolved through a motion for summary judgment or at trial. Defendant's Motion to Strike on the basis of ERISA standing will therefore be denied.

---

[8]Response to Defendant's Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f), Docket Entry No. 17, p. 1.

[9]Response to Plaintiff's Opposition of Defendant's Motion to Strike, Docket Entry No. 23, p. 1.

### III. Francis Has No Right to a Jury On Her ERISA Claim

Asserting that ERISA claims are not triable by jury, Central Care seeks an order striking Francis's ERISA claim.[10] Because ERISA claims are equitable in nature, the Fifth Circuit and the majority of other circuits have held that ERISA claims do not entitle a plaintiff to a jury trial. Borst v. Chevron Corp., 36 F.3d 1308, 1324 (5th Cir. 1994), cert. denied, 115 S. Ct. 1699 (1995); see, e.g., Katsaros v. Cody, 744 F.2d 270, 279 (2d Cir. 1984), cert. denied, 105 S. Ct. 565 (1984); Blake v. Unionmutual Stock Life Ins. Co. of America, 906 F.2d 1525, 1526 (11th Cir. 1990). Central Care's Motion to Strike Francis's jury demand will therefore be granted.

### IV. Conclusion and Order

Defendant's Motion to Strike Plaintiff's 29 U.S.C. § 1140 ERISA Claim (Docket Entry No. 16) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(a) Defendant's Motion to Strike Francis's ERISA claim based on lack of standing is **DENIED**.

(b) Defendant's Motion to Strike Francis's jury demand for her ERISA claim is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 1st day of July, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[10]Defendant's Motion to Strike, Docket Entry 16, pp. 4-5.